IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE EDWARD HENDERSON,                  )
                                         )
                Plaintiff,               )       No. 3:07-cv-01823-JO
                                         )
        v.                               )       OPINION AND ORDER
                                         )
MARK NOOTH, Superintendent at SRCI,      )
                                         )
                Defendant.               )

    Kristina S. Hellman
    FEDERAL PUBLIC DEFENDER'S OFFICE
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

     Attorney for Plaintiff

    Samuel A. Kubernick
    DEPARTMENT OF JUSTICE
    1162 Court Street N.E.
    Salem, OR  97301

     Attorney for Defendant

JONES, Judge:

Petitioner, Bruce Henderson, brings this Petition (doc. #2) for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the sentence imposed by the State of Oregon following petitioner's plea of guilty to one count of Robbery in the Second Degree. Respondent filed an Answer (doc. #12) and a Response (doc. #11) to the Habeas Petition alleging that petitioner failed to file his habeas corpus petition within the applicable one-year statute of limitations period pursuant to 28 U.S.C. § 2244. In his Reply Regarding The Statute of Limitations (doc. #33), petitioner admits that his habeas corpus petition was not timely filed, but requests that the court equitably toll the statute of limitations and reach the merits of his petition. Upon careful review of the record in this case, the court concludes that petitioner is not entitled to equitable tolling, and that an evidentiary hearing is unnecessary because no facts have been alleged that would entitle petitioner to relief. Petitioner did not timely file his habeas corpus petition; accordingly, it is dismissed.

## BACKGROUND

On October 7, 2003, petitioner pled guilty to robbery and was sentenced in the Lane County Circuit Court to 120 months imprisonment and three years of supervised release. (Case No. 20-03-15377, Resp. Ex. 101). Soon thereafter petitioner notified the Office of Public Defense Services that he wanted to appeal his case. (Pet. Ex. 1). Through that correspondence, on November 19, 2003, petitioner was alerted to the available avenues to challenge his sentence including both post-conviction relief and federal habeas corpus relief. (Pet. Ex. 1). The letter from the OPDS advised petitioner to file for post-conviction relief as soon as possible and that, "there is a one-year time period for filing federal habeas corpus relief." (Pet. Ex. 1).

2 - OPINION AND ORDER

Eight months later, petitioner filed for post-conviction relief in Malheur Circuit Court on July 21, 2004. (Resp. Ex. 103). The petition for post-conviction relief was denied by the Circuit Court. (Resp. Ex. 110). The Circuit Court's decision was summarily affirmed by the Oregon Court of Appeals. (Resp. Ex. 114). The Oregon Supreme Court denied review and the judgment became final on May 8, 2007. (Resp. Ex. 116, 117).

On September 23, 2007, petitioner sent correspondence to an Oregon Department of Corrections paralegal, Nelson, including all of his legal materials. (Pet. Ex 2). In his communication, petitioner expressed that he was unsure whether or not he could still file a federal habeas corpus petition, but that he was waiting on the opportunity to make his legal call to be sure. (Pet. Ex. 2). A few days later, on September 26, 2007, a prison staff member, Rochester, responded to petitioner that, "you have about 3 months to file a federal habeas." (Pet. Ex. 2) This advice turned out to be inaccurate, as the petition was actually due on September 3, 2007.

On November 30, 2007, petitioner signed his federal habeas corpus petition and it was filed in the official court record on December 10, 2007. The parties agree that petitioner's habeas corpus petition was 90 days late. (Pet. Reply at 4). Petitioner argues that the statute of limitations should be equitably tolled because extraordinary circumstances prevented him from filing his petition for habeas corpus on time.

**DISCUSSION**

1.   <u>**Equitable Tolling**</u>

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

3 - OPINION AND ORDER

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Statutory tolling of this

limitation period is available for "[t]he time during which a properly filed application for State

post-conviction or other collateral review . . . [is pending]." 28 U.S.C. § 2244(d)(2). The parties

agree that the AEDPA limitation period was tolled while petitioner pursued post-conviction

relief. Accounting for this tolling, petitioner's federal habeas petition was due September 3,

2007.[1]

Petitioner did not sign the instant federal habeas petition until 90 days after the statute of

limitations had run. However, the U.S. Supreme Court has recognized that in certain situations

equitable tolling of § 2244(d) may be appropriate. Holland v. Florida, 130 S.Ct. 2549, 2560

(2010). Here, the court must determine whether petitioner is entitled to equitable tolling where

his access to legal materials was severely restricted due to his disciplinary segregation in the

Intensive Management Unit, and given that he received inaccurate legal advice from a prison

staff member.

The existence of extraordinary circumstances sufficient to justify equitably tolling the

statute of limitations under AEDPA is based on a "determination [that] is highly fact dependent."

Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal quotation marks

omitted) (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)). In addition,

---

[1] Between November 10, 2003, the deadline for petitioner to directly appeal his sentence, and July 16, 2004, the date on which petitioner instituted his petition for post-conviction relief, 249 days accrued. Between July 16, 2004, and May 8, 2007, the date on which petitioner's post conviction relief became final, the time period was tolled in accordance with statute. 28 U.S.C. § 2244(d)(2). After May 8, 2007, petitioner had 116 days left in which to file his federal habeas petition, or until September 1, 2007. Because the deadline fell on a Saturday, the petition was due September 3, 2007. Fed. R. Civ. P. 6(a).

petitioner "bears the burden of showing that equitable tolling is appropriate." Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003).

The Ninth Circuit has found that extraordinary circumstances exist where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In this case, petitioner argues that the extraordinary circumstances of his incarceration prevented him from timely filing his habeas petition.

## A.      Segregation in the Intensive Management Unit

The first extraordinary circumstance that petitioner identifies as preventing his timely filing is his almost continuous incarceration in segregation. Petitioner argues that he has spent no more than 18 days outside of disciplinary segregation during his incarceration. (Pet. Reply at 7). As a consequence of his segregation in the Intensive Management Unit (IMU), petitioner has had his access to telephone calls and the law library severely limited. Id.

A petitioner who is temporarily deprived of access to his legal file is not entitled to equitable tolling as a matter of law. Vigliotto v. Terry, 873 F.2d 1201, 1202-1203 (9th Cir. 1989). If a petitioner is denied access early in the statutory period, or if the file is returned long before the end of the statutory period, a court may find that the petitioner still had sufficient opportunity to complete his petition within the statutory period. *See* Allen v. Lewis, 255 F.3d 798 (9th Cir. 2001) (no equitable tolling where petitioner was deprived of file for 27 days one month into limitations period and received file with eleven months remaining); *see also* Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (no equitable tolling found where petitioner had six months to complete petition after being returned to his usual quarters).

5 - OPINION AND ORDER

However, a sufficiently long deprivation of legal materials can justify equitable tolling. In Lott v. Mueller, the Ninth Circuit observed that habeas petitions under the AEDPA are of "grave importance," and approved of equitable tolling for a prisoner who was denied access to his file for 82 days. 304 F.3d 918, 922 (9th Cir. 2002).[2] The Ninth Circuit also extended equitable tolling to a prisoner who was denied access to his files for eleven months while in Administrative Segregation, noting that after their return "[petitioner] had only slightly over a month with his legal file to try to prepare a proper petition." Espinoza-Matthews, 432 F.3d at 1028.

As noted above, however, petitioner "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition [90 days] late." Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir. 2009); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). An extraordinary circumstance alone is insufficient, the extraordinary circumstance must have "*actually* prevented [him] from preparing or filing a timely petition." Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (emphasis supplied).

Petitioner has alleged that segregation in the IMU has significantly limited his access to legal resources. While it is clear from petitioner's citations to the administrative rules of the prison that limitations on legal resources do exist as a result of segregation, petitioner has not alleged how these limitations *in fact* prevented his timely filing. Petitioner had 116 days from the date judgment was final on his petition for post-conviction relief in which to file his habeas

---

[2] The Ninth Circuit remanded the case to give the government the opportunity to meet the petitioner's allegations, but expressed that the allegations, if true, would support equitable tolling. Id. at 925-26.

petition. Petitioner has neither alleged facts nor adduced any evidence to suggest that this was an insufficient amount of time to fill out the fifteen-page form petition that is available for prisoners to file habeas claims.

The cases in which the deprivation of a prisoner's legal files have resulted in equitable tolling are distinguishable from petitioner's case. For instance in Lott, the prisoner was completely denied access to his legal materials for 82 days. 304 F.3d at 924. In addition, the court noted the confusing case law at the time was such that, "even with the benefit of legal training, ready access to legal materials and the aid of four years of additional case law, an informed calculation of Lott's tolling period evaded both his appointed counsel and the expertise of a federal magistrate judge." Id. at 923. In this case, petitioner has not alleged a complete denial of his materials nor an opaque state of the law, which might have posed an extraordinary circumstance.

Further, in Espinoza-Matthews, the prisoner was deprived of his legal materials completely for nearly eleven months. 432 F.3d at 1028. The prisoner in that case diligently sought his materials from prison authorities but did not receive them until a month before the deadline to file. Id. Petitioner here has not alleged that at any time he was completely denied access to his file or legal materials, only that his access was limited.

Finally, petitioner's allegations that it was impossible in fact to file on time are belied by the fact that he was apparently simultaneously preparing a motion to correct his sentence in Lane County Circuit Court. On November 29, 2007, one day before signing his habeas petition, petitioner filed his motion to correct. (Resp. Ex. 118). Since petitioner was able to find the time and legal resources to prepare a motion for state court during this period, the circumstances of his

7 - OPINION AND ORDER

incarceration were not an extraordinary impediment.  Further, the fact that he was also working on his state motion to correct suggests that, had he spent that time diligently preparing his federal habeas petition, he might have been able to file it on time.

## B. Reliance on Inaccurate Information From the Prison

The second extraordinary circumstance that petitioner identifies is that he received inaccurate information on the filing deadline from a prison staff member.  Petitioner has shown that he sent correspondence to the prison paralegal inquiring about his habeas claim.  A prison staff member wrongly replied to that correspondence that petitioner had about three months to file.  The inaccuracy of this advice, while extremely unfortunate, is not dispositive for the petitioner in this case; this allegation does not rise to the level of extraordinary circumstances sufficient to equitably toll the statute of limitations.  Alexander v. Schriro, No. 05-17389, 2009 WL 464233, at *2 (9th Cir. Feb. 25, 2009) (unpublished) (holding that incorrect legal advice given by a prison paralegal in calculating the limitations period does not constitute extraordinary circumstances); *and see* Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that a miscalculation by an attorney does not amount to extraordinary circumstances).

Ultimately, petitioner was responsible for correctly calculating the limitations period and timely filing his federal habeas petition. *See* Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that petitioner's inability to correctly calculate the limitations period is not an extraordinary circumstance justifying equitable tolling).  In this case, petitioner had been on notice since at least November 19, 2003, that the federal habeas corpus statute of limitations is one year.  That is the date on which petitioner received a letter from the OPDS alerting him to this fact.  Further, petitioner's own evidence establishes that he did not contact the prison

8 - OPINION AND ORDER

paralegal for advice on his federal habeas claim until September 23, 2007–twenty days after the deadline for filing had passed. While the circumstances suggest that petitioner relied on the inaccurate information, had the information been correct, the answer would have been that he had already missed the deadline. The prison paralegal did not do or fail to do anything that actually made it impossible for petitioner to file on time.

The Ninth Circuit has ruled that equitable tolling must meet a very high threshold. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). "The exception for equitable tolling cannot be interpreted so broadly as to displace the statutory limitations that Congress crafted." Waldron-Ramsey, 556 F.3d at 1014. For these reasons, petitioner's reliance on inaccurate legal information from the prison staff is not an extraordinary circumstance sufficient to justify equitable tolling.

## 2.    Evidentiary Hearing

A petitioner should be afforded the opportunity for an evidentiary hearing when he makes "a good-faith allegation that would, if true, entitle him to equitable tolling." Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003). While in some ways this is a close case, petitioner's brief is devoid of allegations that would elevate his circumstances from unfortunate to extraordinary. Petitioner is not able to truthfully allege that due to his segregation he had no access to the federal habeas petition form; no access to writing implements; that he sent persistent communication to the prison paralegal; or that he persistently sought his legal phone call to no avail. Any number of truthful allegations that could demonstrate petitioner's extraordinary deprivation might have resulted in an evidentiary hearing, but the facts do not support such a finding in this case.

9 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner has not made a showing sufficient to equitably toll the statute of limitations; accordingly, his Petition for Writ of Habeas Corpus (doc. #2) is untimely, and is DISMISSED WITH PREJUDICE. Defendant's request for an evidentiary hearing is DENIED. Pending motions, if any, are DENIED AS MOOT.

The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **16** day of May, 2012.

ROBERT E. JONES
U.S. District Judge